# IN THE COURT OF APPEALS OF IOWA

No. 18-0289
Filed June 20, 2018

**IN THE INTEREST OF M.F.,**
**Minor Child,**

**A.F., Mother,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Decatur County, Monty W. Franklin, District Associate Judge.

　　　　A mother appeals the termination of her parental rights to her daughter. **AFFIRMED.**

　　　　Jenna K. Lain of The Law Office of Jenna K. Lain, P.L.L.C., Corydon, for appellant mother.

　　　　Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

　　　　Shireen L. Carter of Carter Law Firm, Norwalk, guardian ad litem for minor child.

　　　　Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

The mother appeals from an order terminating her parental rights to her daughter, M.F.[1] We conclude the mother has waived the issues she now raises on appeal.[2] The mother failed to appear at the termination hearing despite being served with notice of the hearing. The mother's attorney was present at the hearing and stated the following:

> I have called my client on both her home phone and cell phone this morning. It was my understanding that she planned to be present. I do not know why she is not here, and on her behalf, I feel like it's my duty to request that this matter be continued to another date so we can get her present.

The court overruled the motion to continue. The mother's attorney cross-examined the Iowa Department of Human Service's (DHS) witness but did not introduce any evidence on behalf of the mother to support her alleged progress in working toward reunification with M.F. Further, the mother did not object to the State's exhibits supporting termination. Accordingly, the mother has waived the assertions she now makes on appeal.

---

[1] The record indicates the father's parental rights were terminated in December 2007.

[2] In general, our prior cases have framed the issue as one of error preservation; however it may be more accurate to view the mother's failure to refute evidence at the termination hearing as a waiver. *See In re M.L.H.*, No. 16-1216, 2016 WL 4803999, at *1 (Iowa Ct. App. Sept. 14, 2016) (finding waiver when father's attorney did not introduce evidence nor argue against termination); *see also*, *In re K.J.S.*, No. 16-1246, 2017 WL 706373, at *3 (Iowa Ct. App. Feb. 22, 2017) (finding error properly preserved when attorney cross-examined witness and read statement written by absent father); *In re D.W.*, No. 14-0545, 2014 WL 2600358, at *1 (Iowa Ct. App. June 11, 2014) (finding error not preserved when evidence not objected to and witnesses not cross-examined); *In re C.T.*, No. 14-0243, 2014 WL 1714958, at *1 (Iowa Ct. App. Apr. 30, 2014) (finding error not preserved although attorney was present and resisted termination); *In re P.S.*, No. 11-0516, 2011 WL 2714169, at *1 (Iowa Ct. App. July 13, 2011) (finding error not preserved when attorney did not offer any evidence nor object to evidence presented); *In re D.K.*, No. 02-0072, 2002 WL 987325, at *2 (Iowa Ct. App. May 15, 2002) (finding waiver when mother did not attend to answer court's statutory inquiry).

Even if error had been preserved or waiver had not occurred by the mother's counsel being present and resisting the termination through cross-examination, we affirm the district court's ruling. We review termination proceedings de novo, giving weight to, but not being bound by, the district court's fact findings. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). There must be clear and convincing evidence of the statutory grounds for termination. *Id.*

On June 9, 2016, M.F., born 2003, was removed from her mother's custody upon allegations of domestic violence by the mother's paramour. M.F. was placed with her grandmother, but was removed from that placement after the DHS received allegations M.F. was sexually abused by her uncle. M.F. then moved between shelters and foster care, and at the time of the termination hearing resided in a resident group home. For approximately one year, the mother failed to address the substance-abuse (methamphetamine and alcohol), mental-health, and domestic-violence issues prevalent in her life. Instead, the mother left the state in November 2016 for Missouri. The mother has an active warrant for her arrest stemming from a public intoxication conviction in Decatur County in 2017 because she absconded before she served her forty-eight hour sentence. She failed to maintain contact with DHS so as to participate in offered services and arrange for contact and in-person visits with M.F. She has been largely absent from M.F.'s life since her move to Missouri.

Upon our review of the record, there is clear and convincing evidence supporting each ground for termination.[3]  The mother had not had face-to-face interaction with M.F. for over six months and left her to live in a residential group home, where she receives services for the issues she has had to struggle with as a result of the turbulent life the mother has exposed her to.  After the mother moved to Missouri, any contact between the two was incidental as the mother did not show any intent to place M.F.'s needs above her own.

Accordingly, there is clear and convincing evidence the mother has not maintained significant and meaningful contact with M.F. within the meaning of Iowa Code section 232.116(1)(e).  There is also no evidence that it would be in M.F.'s best interests, within the meaning of section 232.116(2), to maintain a parent-child relationship with the mother.  M.F. needs stability, and moving to Missouri to live with her mother, who has not addressed her own substance-abuse or mental-health issues, is not the answer.  Finally, the strong bond between the mother and the child does not apply.  Section 232.116(3)(c) provides the court need not terminate the parent-child relationship if doing so would be detrimental due to the closeness of the relationship.  We agree with the district court that the relationship was more harmful than beneficial, and M.F. resisted termination only to help or protect her mother, not herself.  Even so, the statutory exception is permissive and not mandatory.  *See In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997).  M.F. is

---

[3] The mother's parental rights were terminated under Iowa Code section 232.116(1)(b), (d), (e), (f) and (*l*) (2017).  We adopt the findings as our own and affirm the termination as to each ground.

addressing her issues in the group home, and she needs safety and stability rather than the uncertainty surrounding placement with the mother.

M.F. should not have to wait any longer for her mother to become a responsible parent. *See In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990) ("Children simply cannot wait for responsible parenting. Parenting . . . must be constant, responsible, and reliable."). Accordingly, the judgment of the district court is affirmed without further opinion pursuant to Iowa Court Rule 21.26(1)(b), (d), and (e).

**AFFIRMED.**